ANNA G. GILBERT, Respondent, *v.* WILLIAM H. TAYLOR, Impleaded, etc., Appellant.

*Residuary legatee in possession of the entire estate — when charged with the payment of general legacies — construction of will — waste of estate by executors — Statute of Limitations.*

A testator by his last will and testament bequeathed the interest on a certain sum of money to Mrs. James Dickson during her life, and at her death he gave such sum to Anna G. Taylor; all the rest, residue and remainder of the estate was given to his son, William H. Taylor, who was an infant.

Under certain proceedings instituted by the guardians of such infant against the executors of the testator, a final accounting was made by the executors, under which all the rights vested in the executors by said will were transferred to and vested in the guardians, and under and by virtue of a judgment and decree in a certain action brought by William H. Taylor against his surviving guardian, it was adjudged that all the personal estate of the testator in the hands of the guardian had been previously transferred to William H. Taylor, except that portion as to which such judgment had been rendered in his favor against such guardian.

The guardians had also under the decree of the court conveyed to William H. Taylor all the real estate of the testator held by them in trust under the will, and all of the real estate of the testator was, under the decree of the court, transferred by a referee in partition to William H. Taylor. A large amount of this estate was not realized by the beneficiaries named in such will, but sufficient came to the hands of William H Taylor as residuary legatee to pay the amount of the legacy to Anna G Taylor.

Upon the death of Mrs. Dickson, who did not die until after the property had passed into the hands of the guardians, and who had during her life been paid interest on the sum of money mentioned in the will, an action was brought by Anna G. Taylor against William H. Taylor, the residuary legatee, to recover from him the amount of such trust fund.

*Held,* that Anna G. Taylor was powerless to enforce the legacy against the trustees or executors of the testator so long as it remained in their hands charged with the payment of the interest to Mrs Dickson;

That if she had died prior to the death of Mrs. Dickson the legacy would have lapsed upon Mrs Dickson's death ;

That the property which came into the hands of William H. Taylor was received by him under and subject to the provisions of his father's will.

In such action it was claimed that as there was no deficiency of assets which came into the hands of the executors to pay all the legacies, at the time they took possession of the estate, that the payment of all the remainder of the estate to the residuary legatee after a large portion thereof had been lost by the executors gave no right to a general legatee to receive of the residuary legatee the legacy bequeathed to her, on the ground that when a part of the estate has been received by a legatee under a will, and the remainder thereof has been squandered by the executors, so that they are unable to pay the other legatees in full, such legatees have no recourse to the legatee who has been paid for contribution.

*Held,* that while such principle is sound and of universal application, as between legatees to whom general legacies have been bequeathed, it does not apply between a general legatee and the residuary legatee under a will.

A residuary legatee takes only what is left after all other legacies given by the will have been paid. Such legacies are a charge upon the entire estate of the testator, and where a residuary legatee takes possession of the estate under the will, he takes it *cum onere,* and is liable to the general legatees for the payment of their legacies to the extent of the estate received by him.

When no right of action accrued to a remainderman of a trust estate created by a will until November, 1889, an action commenced on February 10, 1892, against the residuary legatee who had in his possession the entire estate, is not barred by the Statute of Limitations.

APPEAL by the defendant, William H. Taylor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 6th day of July, 1893, upon the report of a referee.

*I. Lawson,* for the appellant.

*H. S. McCall, Jr.,* and *Hamilton Harris,* for the respondent.

MAYHAM, P. J.:

The last will and testament of William H. Taylor, father of this appellant, William H. Taylor, was duly proved and admitted to probate as a will of real and personal property on the 6th of March, 1873. In and by his will the testator nominated and appointed Walter Dickson, Benjamin V. Z. Wemple, Charles P. Staats, Charles Winne and Thomas B. Morrow as executors and trustees of the same.

After several bequests of considerable amounts to various persons therein named, the will contained the following provisions, out of which the controversy in this action mainly arises.

"*Eighth.* I will, devise and bequeath to Mrs. James Dickson, my much respected mother-in-law, the income, interest and profit of the sum of ten thousand ($10,000) dollars, for and during her natural life, payable as my executors may see fit, from and after my decease, and at her death said sum of ten thousand ($10,000) dollars I will, devise and bequeath to my sister Anna G. Taylor."

"*Ninth.* All the rest, residue and remainder of my estate I will, devise and bequeath to my dear son, William H. Taylor, Jr., but in case he dies before he arrives at the age of twenty-one years, I then, in that case, will and devise the same as follows, namely, one-half thereof to my sisters, Anna G. Taylor and E. E. Taylor, and the other half thereof to my nephews and nieces."

Anna G. Taylor, the legatee named in the eighth clause of this will, is now Anna G. Gilbert, the plaintiff and respondent in this action and appeal.

The testator in and by his will committed the guardianship of the defendant to Mrs. James Dickson during her life, and after her death to this plaintiff. On the 15th day of April, 1876, on the petition of Mrs. James Dickson, with the consent of this plaintiff, Edwy L. Taylor was, by an order of the Supreme Court, appointed as general guardian of the defendant, William H. Taylor, to act in conjunction with Mrs. James Dickson, the testamentary guardian, upon his executing to said William H. Taylor a bond, with sufficient sureties, in the sum of $50,000, conditioned for the faithful performance of his trust, and he qualified as such guardian.

The referee finds that, under and in pursuance to a decree of this court, made on the 25th of November, 1876, the executors named in the will of William H. Taylor, deceased, paid over to Edwy L. Taylor and Margaret Dickson, as guardians of the defendant, a large amount of personal property and the avails of personal property, amounting to more than $200,000, and that after the defendant, William H. Taylor, arrived at the age of twenty-one years he received more than $100,000 belonging to the estate of William H. Taylor, his deceased father.

The referee also finds, as we think upon sufficient evidence, that,

under certain proceedings instituted by the guardians of such infant against the executors of such testator, a final accounting was had by the executors, under which all the rights vested in the executors by said will were transferred to and vested in the guardians, and that under and by virtue of a judgment and decree in a certain action brought by William H. Taylor against his surviving guardian, it was adjudged that all the personal estate of the testator remaining in the hands of the guardian had been previously transferred to William H. Taylor, except that portion as to which judgment had been rendered in his favor against such guardian.

The guardians had also, under the decree of the court, conveyed to William H. Taylor all the real estate of the testator held in trust by them under the will.

It is quite apparent from this entire case that a large amount of this estate was not realized by the beneficiaries in this will, but sufficient came to the hands of William H. Taylor, as residuary legatee, to pay the amount of the legacy to Anna G. Taylor after the death of Mrs. Dickson, and the principal question on this appeal is whether the plaintiff must look to the trustees and executors for the payment of the legacy bequeathed to her after the death of Mrs. Dickson, or can have recourse to the residuary legatee for the payment of the same.

All of the real estate of the testator was, under the decree of the court, transferred by a referee in partition to William H. Taylor, and all the money which came into the hands of the referee by the sale of the real estate of the firm of Taylor & Son, in which testator had an interest, was paid by said referee to the general and testamentary guardian of such defendant.

It thus appears that the estate of the testator remaining in the hands of the executors and trustees, as well as the proceeds of the real estate sold in partition, passed into the hands of the guardians of the defendant, and by the judgment recovered by him against the surviving guardian, Edwy L. Taylor, all the property remaining in his hands, as such surviving guardian, passed into the hands of the defendant, William H. Taylor, after he became of age, on the 16th day of May, 1890.

This property, therefore, came to his possession, and was received by him under and subject to the provisions of the will of his father,

one of which was, that this plaintiff, on the death of Margaret Dickson, was to be paid the legacy of $10,000, the use of which was by the will to be paid to Mrs. Dickson during her life. Mrs. Dickson, who had been paid the annual interest on this legacy for most, if not all of the time from the death of the testator, until the time of her death, died in November, 1889, at which time the plaintiff became entitled to receive this legacy under the will.

It is quite clear that the plaintiff was powerless to enforce this legacy against the trustees or executors of the testator, so long as it remained in their hands charged with the payment of the interest to Mrs. Dickson, and it appears in the chronological order of events that this property had by the decree of this court vested in the guardians of the defendant, William H. Taylor, long before the death of Mrs. Dickson. There was no gift of this legacy to the plaintiff until the death of Mrs. Dickson. If the plaintiff had died before the happening of that event, this legacy would, we think, have lapsed on the death of Mrs. Dickson. (*Paterson* v. *Ellis*, 11 Wend. 260; *Booth* v. *Cornell*, 2 Redf. 261; *Loder* v. *Hatfield*, 71 N. Y. 92.)

It is insisted by the appellant that as there was no deficiency of assets which came to the hands of the executors to pay all the legacies, at the time they took possession of the estate, that the payment of all of the remainder of the estate to the defendant, William H. Taylor, after a large portion had been lost by the executors, gave no right to the plaintiff to receive the legacy bequeathed to her, of William H. Taylor, on the ground that when a part of the estate has been received by a legatee under a will, and the remainder thereof has been squandered by the executors, so that they are unable to pay the other legatees in full, such legatees have no recourse to the legatee who has been paid for contribution, and in support of this doctrine we are referred to numerous authorities.

While the principle contended for is sound, and, as we think, of universal application as between legatees to whom general legacies have been bequeathed, we do not think it applies between a general legatee and the residuary legatee under a will.

The residuary legatee takes only what is left after all other legacies given by the will have been paid. Such legacies are a charge upon the entire estate of the testator, and where the residuary lega-

tee has taken possession of the estate under the will, he takes the same *cum onere*, and is liable to the general legatees for the payment of their legacies to the extent of the estate received by him. As against the legacy to the plaintiff the residuary legatee took no title to the $10,000 bequeathed to her under the will. And as there was no other fund not disposed of, which was available to the plaintiff for the payment of her legacy at the time the title to it vested in her, the defendant, who at that time was in possession under the decree of the court of all the property remaining of the estate of the testator, must be deemed as holding it either in trust for her use and benefit, or as administrator *de son tort*, because he could get no absolute title to the same under the will as residuary legatee, until, as we have seen, all the general legacies were paid.

In *Wetmore* v. *St. Luke's Hospital* (56 Hun, 318) VAN BRUNT, J., in delivering the opinion of the court, uses this language: "In order that there should be a residuary estate the provisions of the will must be fulfilled, and something must be left over. Debts and legacies must be paid, and then the residuum goes to the residuary legatees. But until the debts and legacies are paid it is difficult to see how, under the residuary clause, residuary legatees are entitled to receive anything."

This defendant, therefore, having received and retained $10,000 of the testator's estate which belonged to the plaintiff under the will, must satisfy this legacy before he can hold the estate as residuary legatee, and no good reason is perceived why a proper action, if prosecuted by the plaintiff against him within the proper time, cannot be maintained.

But the defendant insists that this claim is barred by the Statute of Limitations. If we are right in holding that the plaintiff's title to this bequest did not attach until the expiration of this life interest of Mrs. Dickson, then no right of action existed in her to compel the executors to pay this legacy before the decree of the court transferred the property from them to the guardians, nor did any right of action accrue to her until the time of the death of Mrs. Dickson, and the consequent termination of her life estate, which was in November, 1889; as this action appears to have been commenced by the service of a summons on the 10th day of February, 1892, it is not, therefore, barred by the Statute of Limitations.

It is also insisted by the appellant that the complaint does not state such a cause of action as will sustain the recovering in this case. We think the complaint states a good cause of action and is sustained by the proof. No objection is raised by the answer to the joinder of the defendant Edwy Taylor as guardian; and the complaint alleges the bequest to the plaintiff, its non-payment, and that all of the estate of testator was in the hands of the residuary legatees and his guardian, and demands judgment for the amount of the legacy and interest from the time of the vesting of the title to the same in the plaintiff.

Under the complaint and upon the proof, the referee found that the defendant, as residuary legatee, had received more than $100,000 of the testator's estate, and that the same was chargeable with the payment of this legacy. We think the complaint sufficient to authorize the proof upon that point, and that the findings are supported by the evidence.

The judgment must be affirmed, with costs.

PUTNAM, J., concurred; HERRICK, J., not acting.

Judgment affirmed, with costs.